UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT G. POSENJAK, | |
|         Petitioner, | NO.  CV-05-117-FVS |
| vs. | ORDER DISMISSING PETITION WITH PREJUDICE |
| STATE OF WASHINGTON, | |
|         Respondent. | |

BEFORE THE COURT is Petitioner's Response (Ct. Rec. 8) to the Order to Show Cause filed June 16, 2005 (Ct. Rec. 7).  The court directed Mr. Posenjak to show cause why his petition should not be dismissed on the basis that Mr. Posenjack is no longer "in custody" as required by 28 U.S.C. §§ 2241(c)(3) and 2254(a).  *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

Petitioner states on April 3, 2003, the Douglas County Superior Court issued a suspended one year jail sentence against Mr. Posenjak for the gross misdemeanor of possessing an Elk without State licences and tags.  Petitioner indicates the Washington State Court of Appeals, Division III, denied his appeal and then denied his motion for reconsideration on May 17, 2005.

ORDER DISMISSING PETITION WITH PREJUDICE -- 1

Mr. Posenjak argues his suspended sentence began to run only after the Court of Appeals issued its decision on May 17, 2005, and that he will remain "in custody" until May 17, 2006. His reliance on *King v. King*, 468 P.2d 464 (Wash. App. 1980), a case involving divorce proceedings, is not relevant to Petitioner's criminal misdemeanor conviction.

The applicable portion of Washington State's Suspended Sentence Act, provides in pertinent part:

> In the case of a person granted a suspended sentence under the provisions of RCW 9.92.060, the court shall establish a definite termination date for the suspended sentence. The court shall set a date ***no later than the time the original sentence would have elapsed*** and may provide for an earlier termination of the suspended sentence. Prior to the entry of an order formally terminating a suspended sentence the court may modify the terms and conditions of the suspension or extend the period of the suspended sentence.

RCW 9.92.064 (emphasis added). Here, Mr. Posenjak was sentenced on April 3, 2003, to one year in jail, suspended. That time period has elapsed. Accordingly, Petitioner's assertion of continued custody lacks merit.

Although granted the opportunity to do so, Mr. Posenjak did not come forward with facts demonstrating he is presently on parole, probation or supervised release, or that he is subject to revocation and re-incarceration under the 2003 conviction. *See Jones v. Cunningham*, 371 U.S. 236, 242 (1963). Accordingly, because Petitioner is not "in custody," **IT IS ORDERED** the petition is **DISMISSED with prejudice** for lack of jurisdiction.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Petitioner at his

ORDER DISMISSING PETITION WITH PREJUDICE -- 2

last known address, and close the file.

**DATED** this 21st day of July 2005.

s/ Fred Van Sickle
FRED VAN SICKLE
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DISMISSING PETITION WITH PREJUDICE -- 3